IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN B. MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 07-cv-3600 |
| ) | |
| SCI CHESTER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

AND NOW, this 24th day of April, 2008, after careful and independent consideration of the record of the proceedings below, and upon review of the Petition for Writ of Habeas Corpus [Doc. No. 1], the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas J. Rueter [Doc. No. 6], and Plaintiff's Objection thereto [Doc. No. 7], it is hereby **ORDERED** that:

1. Petitioner's Objections to the R&R are **OVERRULED**;[1]

---

[1] Judge Rueter's articulate and well-reasoned R&R is approved and adopted herein. As set forth in the R&R, the Petition for Writ of Habeas Corpus is denied because it is barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) ("AEDPA"), and neither statutory nor equitable tolling provide Petitioner with adequate recourse. The one-year limitations period began to run on November 17, 2002, which is thirty days from the date that the Superior Court of Pennsylvania affirmed petitioner's judgment of sentence and also the last day Petitioner could appeal to the Pennsylvania Supreme Court, which he did not. The limitations period was then tolled from October 17, 2003 to August 30, 2006, during the pendency of Petitioner's proceedings under the Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9451, et seq. ("PCRA"). After the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal of his PCRA claims on August 30, 2006, Petitioner, therefore, had 31 days remaining in his one-year AEDPA limitation period to file this Petition. Petitioner filed this habeas petition on August 29, 2007, almost one year after the AEDPA limitations period expired on September 30, 2006. Because Petitioner failed to file his habeas petition by the statutory deadline, the instant petition is time-barred.

Petitioner objects to the R&R, and the vast majority of his argument reiterates the same objections he asserted in his Petition, which challenge his state court conviction below based on allegedly inconsistent evidence and ineffective assistance of counsel. The Court will only address the less than one paragraph of Petitioner's twelve-page objection that discusses the statute of limitations issue. Petitioner asserts that his last attorney informed him that he had one year from September 1, 2006 to file a petition for habeas corpus, and attaches the letter memorializing this advice. Petitioner's objection argues that his attorney's incorrect calculation of time serves as another example of the ineffective assistance of counsel that makes the instant Petition valid. It is well settled that "in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" are insufficient to

2. The R&R is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DISMISSED**; and

4. There is no probable cause for a Certificate of Appealability, for the reasons expressed in the R&R.

It is further **ORDERED** that Plaintiff's lettered request dated April 14, 2008 for appointment of counsel, attached hereto, is **DENIED AS MOOT** pursuant to this Order.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

4/10
mail
S. Murphy

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

---

excuse a petitioner's failure to file a habeas petition within the AEDPA limitations period, on the basis of statutory or equitable tolling. See, e.g., Merrit v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003); see also, Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (upholding the general rule that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding"); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002) ("Counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [a] habeas petition in the district court within the one-year limitations period."); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (holding that "attorney error, miscalculation, inadequate research, or other mistakes" do not entitle a petitioner to equitable tolling of the AEDPA limitations period, but allowing equitable tolling under a different test that applies only to capital cases); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[T]he miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."). Additionally, Petitioner did not raise the argument that his attorney intentionally deceived him as to the proper AEDPA limitations period, so he is not entitled to equitable tolling on those grounds either. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1997) (finding that an attorney's deception, which caused a prisoner to miss the habeas filing deadline, merits equitable tolling). Because the relevant portion of Petitioner's objection to the R&R relied solely on his attorney's erroneous advice miscalculating the AEDPA limitations period, the Court must overrule his objections and dismiss the petition.

CMR

RECEIVED
APR 15 2008

To whom it may concern,  4-14-08

I am attempting to have a federal attorney appointed to my case. I have filed a motion of request for reconcideration for Habeas Corpus, and at this point I feel I need the assistance of an attorney. I am indigent and have no possible way of obtaining legal aid and I have no type of knowledge or understanding of the law. I am a inmate on the state level and I'm trying to have my motion ruled on in the federal courts, my current judge is the Honorable Judge Rufe. My motion was filed in November of 2007 and it seems like I need a attorney to accelerate the process.

If you could send me any information that could help me obtain legal counsel, I would really appreciate the help.

Please allow me to thank you in advance for your time and attention with this matter.

Respectfully,

Sean B Murphy

Sean B. Murphy v. S.C.I Chester
C.A. No. 07-3600

Sean B Murphy
EL 2212
500 East 4th Street
Chester, PA 19013